**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Empire Talent-Modeling Agency, LLC and Marisa Sclafani, a married woman,<br><br>Plaintiffs,<br><br>v.<br><br>Auto-Owners Insurance Company, et al.,<br><br>Defendants. | No. CV-12-0711-PHX DGC<br><br>**ORDER** |

On May 18, 2012, the Court issued a Case Management Order which stated: "The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **30 days** from the date of this Order." Doc. 16 ¶ 2. The Court emphasized that the "parties are advised that the Court intends to enforce the deadlines set forth in this Order, and [the parties] should plan their litigation activities accordingly." Doc. 16 ¶ 9. Almost seven months later, on December 10, 2012, Defendant Auto-Owners Insurance Company filed a motion to amend its answer to include the affirmative defense of fraud. Doc. 42. Defendant asked permission to do so under Rule 15 of the Federal Rules of Civil Procedure. *Id.* at 1. Although Rule 15 embodies a liberal amendment policy, *see* Fed. R. Civ. P. 15(a)(2), that is not the standard to be applied in this case. The Court finds that although Defendant has shown "good cause" to modify the scheduling order under Rule 16, the Defendant's motion to amend is nonetheless futile and prejudicial.

**A.    Rule 16.**

When a party seeks to modify the schedule set by a case management order, that

party must show "good cause" to do so under Rule 16. Fed. R. Civ. P. 16(b)(4). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); *see also Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000).

In this case, Defendant has shown the necessary diligence. Defendant did not suspect Plaintiffs of fraud until a deposition of Plaintiff Marisa Sclafani on July 18, 2012. Doc. 51 at 2. Afterwards, Defendant repeatedly requested that Plaintiffs produce financial documents and contact information for Plaintiffs' clients, all of which may have been probative of fraud. Doc. 51 at 3, 4. Defendant did not receive these materials until November 5, 2012, after this Court ordered production of the documents. Doc. 51 at 3. One month later, Defendant filed its motion to amend. Doc. 42. While this motion certainly comes late in the proceedings, Defendant has nonetheless been diligent in pursuing its defense of fraud.

**B.     Rule 15.**

If a party shows the Court good cause to modify the schedule, the Court must still consider whether to grant leave to amend under Rule 15(a). *See Johnson*, 975 F.2d at 608. The Court may deny a motion to amend if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Since the Court finds that the motion to amend is futile and prejudicial, the Court will not address issues of undue delay, bad faith, and pleading fraud with particularity.

In deciding whether an amendment would be futile, courts have examined the legal sufficiency of the proposed amendment. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.") (citation omitted); *see also Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007) (finding that leave to

amend may be denied if court properly can determine that the claim would not survive summary judgment). In this case, Defendant seeks to amend its answer to include the affirmative defense of fraud. The proposed amendment states:

> As and for a separate defense, and in the alternative, Defendant alleges that Plaintiffs have committed concealment, misrepresentation, and/or fraud concerning a claim under the applicable insurance policy which *voids* the policy. During the presentation of the claim, Defendant alleges that Plaintiffs misrepresented information regarding their claim including, but not limited to, the value of the modeling portfolios and the identities of clients. These misrepresentations *void* the policy.

Doc. 42-1 ¶ 74 (emphasis added). The thrust of this defense is that Defendant has no duty to pay Plaintiffs' claims, because the insurance policy was voided when Plaintiffs presented fraudulent claims.

Plaintiffs argue that Defendant's policy is not necessarily voided when an insured presents fraudulent claims. Doc. 48 at 11. Quoting the relevant policy sections, Plaintiffs show that Defendant *may* cancel the insured's policy if the insured presents a fraudulent claim, but to do so Defendant must provide notice of cancellation sixty days before cancellation. *Id.* at 10–11. Defendant does not allege that it gave any notice of cancellation to Plaintiffs. Moreover, in its reply, Defendant does not seriously contest Plaintiffs' assertions, nor does Defendant identify the policy provisions that void an insured's policy merely upon the presentation of fraudulent claims.

Instead, Defendant argues that the amended answer need only give "fair notice" of the affirmative defense to Plaintiffs, citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979), as authority. Doc. 51 at 6. But the court in *Wyshak* found the "fair notice" standard satisfied because, in addition to asserting a statute of limitations defense, the defendant also indicated the specific statute that provided the relevant time limits. *Wyshak*, 607 F.2d at 827. Here, Defendant has not identified a provision in its insurance policy that immediately voids a fraudulent claim. Defendant in its reply also asserts that there is a common law fraud defense that permits it to void a policy when an insured presents a fraudulent claim. Doc. 51 at 6. But Defendant provides no support for this

- 3 -

assertion. Its citation to *Am. Pepper Supply Co. v. Fed. Ins. Co.*, 93 P.3d 507 (Ariz. 2004), is inapposite as this case discussed the burden of proof for an insurer's *policy* defense of concealment or misrepresentation. *Id.* at 512.

Therefore, Defendant's proposed defense is legally insufficient. Whatever effect an insured's fraudulent claim may have, the policy does not provide for automatic cancellation.

Moreover, by allowing Defendant to amend its answer, there would be a strong possibility of prejudice to Plaintiffs. Plaintiffs would be unable to conduct further discovery as to the fraud defense, because the deadline for the completion of fact discovery (January 18, 2013) has already passed. Doc. 16 ¶ 4. While the prejudice to Plaintiffs may not be great, as they are best situated to know whether they have presented fraudulent claims, it is still significant. Defendant remains free to dispute whether Plaintiffs have in fact incurred any losses and whether its policy would provide coverage for those losses.

**IT IS ORDERED** that Defendant's motion for leave to file first amended answer (Doc. 42) is **denied**.

Dated this 20th day of February, 2013.

_____
David G. Campbell
United States District Judge